### CHARLES ACREY v. E. W. McKENZIE.

#### Decided October 29, 1902.

**Leased State Land—Driving Herds Through Pasture.**

Where plaintiff leased from the State and inclosed 140 sections of University lands under the Act of April 1, 1887, which forbids any one who fences any such lands to maintain more than three miles of fence in a continuous line without a gate therein, and provides that when necessary in moving herds of live stock, the lessee shall permit them to pass through the inclosure, provided the owner moves them expeditiously, plaintiff could not recover damages caused by defendant's sheep in grazing while being moved expeditiously through the pasture.

Appeal from the County Court of Pecos County. Tried below before Hon. A. R. Burgess.

*Harry McTier,* for appellant.

*Howell Johnson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Suit by appellee against appellant to recover damages alleged to have accrued by reason of defendant's driving 8000 head of sheep through a pasture leased and controlled by plaintiff. It is uncontroverted that appellant drove his herd of sheep through appellee's pasture, which, as is shown by his pleadings and evidence, was inclosed by a fence and included, among other lands,

about 140 sections of State University lands held by appellee under a lease from the State of Texas, and that in driving the sheep from one place to another through the State, it became necessary for them to pass through appellee's said inclosure.

The only question in the case is: Is appellee, under these facts, liable for damages caused by the sheep eating grass and weeds in the pasture while passing through it, provided they were driven through expeditiously and with as little delay as practicable?

The State of Texas being the owner of her public free school, university, and asylum lands, in leasing them could impose by law such burdens upon them, in the interest of the general public, as she deemed meet and proper. And one leasing such lands from the State would take and hold them subject to such burdens imposed, or rights reserved, by the State in the interest of the general public. Such lands are situated and can, under the law, be leased, so as to authorize the lessee to inclose such a vast area of territory as would make it impracticable in many instances for the owner of herds of cattle, sheep, or goats to drive them from one point to another in the State without passing through such inclosures. If, in such instances, they were not permitted to drive through such pastures, or were liable to the lessee for such damages as would be incident to passing through, the value of their herds would be materially diminished. The Legislature, seeing this effect, when it came to provide for leasing such lands of the State, in the Act of April 1, 1887, providing for the sale and lease of school and other public lands, in section 21 of said act made it unlawful for any person or corporation inclosing any such lands to build or maintain more than three miles of fence running in the same general direction without a gateway in the same at least ten feet wide, which was not to be locked or kept closed so as to obstruct free ingress and egress. It then contains, among others, the following provisions: "When herds of cattle, horses, sheep, or goats are driven through this State from one place to another in this State, and it becomes necessary for such stock to pass through any inclosed pasture of any person who has leased any of the aforesaid lands, such lessee of such inclosure shall permit such stock to pass through such pasture; provided the owner of such stock so driven through any such inclosure shall move the same as expeditiously and with as little delay as practicable through such inclosure." This section of the act was carried into the Revised Statutes of 1895, as article 508 of the Penal Code. Therefore as appellee's lease of the university lands rests upon the Act of April 1, 1887, the provision quoted must be read into the lease, and it must be construed as though it were a part of appellee's contract with the State when he obtained the lease and the right thereunder to inclose its university lands. The appellant having under the law and undisputed facts the right to drive his sheep through appellant's inclosure, he can not, in the exercise of such right, be held liable for damages incident to it, unless he failed to drive them through

as expeditiously and with as little delay as practicable. Bugbee-Coleman Land Co. v. Matador Co., 26 Texas Civ. App., 260. Therefore, in our opinion, the court erred in not so instructing the jury at appellant's request, as well as in not sustaining his exceptions, raising the same question, to appellee's petition.

For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*